Jeffrey A. Carr
William Gibson
**PEPPER HAMILTON LLP**
(A Pennsylvania Limited Liability Partnership)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 452-0808

*Counsel for Defendants, Dunkin' Donuts Franchised Restaurants, LLC, Baskin-Robbins Franchised Shops, LLC, and Wayne Miller*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRITI SHETTY, <br><br> Plaintiff, <br><br> v. <br><br> DUNKIN' DONUTS FRANCHISED RESTAURANTS, LLC, a Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISED SHOPS, LLC, a Delaware Limited Liability Company and WAYNE MILLER, individually, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1446 and 1331, Defendants, Dunkin' Donuts Franchised Restaurants, LLC, Baskin-Robbins Franchised Shops, LLC, and Wayne Miller (collectively referred to as the "Defendants"), through their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Middlesex County to the United States District Court for the District of New Jersey.

Removal is based upon federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Priti Shetty ("Plaintiff"). In support of their notice of removal, Defendants state as follows:

1. On February 17, 2015, Plaintiff filed a Complaint against Defendants in the New Jersey Superior Court, Middlesex County, which was docketed as MID-L-963-15. A true and correct copy of the Summons and Complaint and Acknowledgement of Service (representing all pleadings, orders and process in the underlying state court action at the time of this removal) are attached hereto as Exhibit A.

2. Plaintiff alleges that Defendants discriminated against and harassed her in connection with her development, ownership and operation of Dunkin' Donuts' franchises.

3. This case is removable based on federal question jurisdiction. In particular, Plaintiff presents two counts in her Complaint, including alleged violations of 42 U.S.C. §1981. Exhibit A, Complaint at ¶¶ 2, 7-9, 17, 68-75 (Count I) and Prayer for Relief ¶ a. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4. The Complaint also alleges violation of New Jersey's Law Against Discrimination. Exhibit A, Complaint at ¶¶ 76-81 (Count II). This Court has supplemental jurisdiction over this claim because it arises out of the same operative facts as Plaintiff's 42 U.S.C. §1981 claim and is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

5. On March 16, 2015, the undersigned, counsel for the Defendants, accepted service of process of the Summons and Complaint on behalf of all Defendants. The time for removal begins to run when the state court establishes jurisdiction over the defendants or when the defendants are formally served with the summons and complaint. Murphy Bros, Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344 , 119 S. Ct. 1322 , 143 L. Ed. 2d 448 (1999); Oxford

Realty Grp., LLC v. Axis Reinsurance Co., CIV-A No. 08CV6303 (WJM), 2009 U.S. Dist. LEXIS 129374 , 2009 WL 1324028 , at *2 (D.N.J. May 12, 2009); *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337 , 341 (D.N.J. 2001).  Thus, in accordance with 28 U.S.C. §1446(b), this Notice of Removal is being "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6.  The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending.  See 28 U.S.C. §§ 1446(a) and 1441(a).

7.  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being given promptly to all parties and a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Middlesex County, Law Division.

8.  For the foregoing reasons, Defendants respectfully request that this action be, and is hereby, removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

 s/  William Gibson
Jeffrey A. Carr
William Gibson
PEPPER HAMILTON LLP
(A Pennsylvania Limited Liability Partnership)
Suite 400
301 Carnegie Center
Princeton, NJ  08543-5276
(609) 452-0808

*Counsel for Defendants, Dunkin' Donuts Franchised Restaurants, LLC, Baskin-Robbins Franchised Shops, LLC, and Wayne Miller*

Dated:  April 14, 2015

#33003318 v2